UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN WOODARD,

        Petitioner,

                                  CIVIL CASE NO. 09-14390

v.                                     PAUL D. BORMAN
                                     UNITED STATES DISTRICT JUDGE

PATRICIA CARUSO,

        Respondent.

_____/

## ORDER TRANSFERRING CASE TO THE COURT OF APPEALS
## AS A SECOND OR SUCCESSIVE HABEAS PETITION

Petitioner Kevin Woodard is a state prisoner currently confined at the Gus Harrison Correctional Facility in Adrian, Michigan. He has filed a *pro se* habeas corpus petition challenging his 1991 Wayne County convictions and sentence for five counts of first-degree criminal sexual conduct. *See* Mich. Comp. Laws § 750.520b(1)(a) (sexual penetration with a person under thirteen years of age).

This is Petitioner's fifth habeas corpus petition challenging the same criminal sexual conduct convictions. Although his first petition was dismissed without prejudice for failure to exhaust state remedies for all his claims, *see Woodard v. Straub*, No. 95-75496 (E.D. Mich. June 25, 1996), his second petition was dismissed for failure to comply with the one-year statute of limitations. *See Woodard v. Straub*, No. 98-70297-DT (E.D. Mich. Nov. 12, 1998).

A dismissal based on the statute of limitations is a dismissal on the merits for purposes of 28 U.S.C. § 2244(b), which governs second or successive habeas petitions, *In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000), and an individual seeking to file a second or successive habeas petition

must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). Consequently, when Petitioner filed his third and fourth petitions, his petitions were transferred to the United States Court of Appeals for the Sixth Circuit as second or successive petitions. *See Woodard v. Bell*, No. 04-72304 (E.D. Mich. Mar. 18, 2005); *Woodard v. Romanowski*, No. 06-11842-DT (E.D. Mich. Apr. 27, 2006). The Court of Appeals denied Petitioner's applications to file a second or successive petition. *See In re Woodard*, No. 05-1455 (6th Cir. Dec. 1, 2005); *In re Woodard*, No. 06-1658 (6th Cir. Nov. 1, 2006).

Petitioner has not obtained permission from the Court of Appeals to file still another habeas corpus petition challenging the same convictions and sentence. When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without preauthorization from the Court of Appeals, the district court must transfer the case to the Court of Appeals pursuant to 28 U.S.C. § 1631.[1] *Sims v. Terbush*, 111 F.3d 45, 47 (6th Cir. 1997). Accordingly, the Clerk of Court is **ORDERED** to transfer this case to the Court of Appeals

---

[1] Section 1631 provides in pertinent part that:

> [w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . , and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it was transferred.

pursuant to *Sims* and 28 U.S.C. § 1631.

                    S/Paul D. Borman
                    PAUL D. BORMAN
                    UNITED STATES DISTRICT JUDGE

Dated:  December 8, 2009

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on December 8, 2009.

                    S/Denise Goodine
                    Case Manager